IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DOUGLAS D. CRUISE, JR., §<br>    Plaintiff, §<br>§<br>v. §<br>§<br>GEORGE EDWARD MONINGTON and §<br>J.B. HUNT TRANSPORT, INC., §<br>    Defendants. § | Case No. 4:06-cv-401 |

**MEMORANDUM OPINION AND ORDER DENYING
<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

Before the court are the following:

    1.    Defendants' Motion for Summary Judgment (de # 21);

    2.    Plaintiff's Response to Defendants' Motion for Summary Judgment (de # 22); and

    3.    Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary

        Judgment and Objections to Plaintiff's Summary Judgment Evidence (de # 24).

Having considered the Motion and the briefing responsive thereto, the court is of the opinion that the Motion should be DENIED.

**OBJECTIONS**

George Monington and J.B. Hunt Transport (collectively "Defendants") object to the inclusion of Exhibit Two of Douglas Cruise Jr.'s ("Cruise") Response to Defendant's Motion for Summary Judgment. Exhibit Two consists of excerpted testimony from the deposition of Joseph Armstrong, the lone witness to the accident. (Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. 2.) In the excerpt, counsel for Cruise discusses with Armstrong what is purportedly the Texas Commercial Motor Vehicle Drivers Handbook. (*Id*. at Ex. 2, p. 2.) The excerpt begins with the following exchange:

> Q [by counsel for Cruise]: I'm going to show you a book here that says "Texas Commercial Motor Vehicle Drivers Handbook." Do you see where I'm reading that?
> A [by Armstrong]: Yes, sir.
> Q: I'm going to turn to a page here and ask you to read some things for me, okay?
> A: All right.

Plaintiff's counsel and Armstrong go on to discuss certain portions of the handbook.

The Fifth Circuit Court of Appeals has consistently held that a party can establish a genuine issue of material fact only by reference to evidence that would be admissible at trial. *E.g.*, *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir. 1991). Federal Rule of Evidence 901 provides that a piece of evidence is authenticated if there is sufficient evidence "to support a finding that the matter in question is what its proponent claims." FED. R. EVID. 901. The court finds this exchange insufficient to authenticate the purported Handbook. The court, therefore, finds the reference to the document to be inadmissible. As such, those portions of Exhibit Two that refer to the Texas Commercial Motor Vehicle Drivers Handbook will not be considered for purposes of the decision on this Motion. *Duplantis*, 948 F.3d at 191.

## I. BACKGROUND

This diversity dispute arises out of a traffic collision along State Highway 19, a two lane highway in Hopkins County, Texas. The collision occurred at around 7:45 a.m. on a clear and dry morning near mile marker 250. The vehicles involved in the accident were a 1992 Mercury Cougar driven by Cruise and a 2004 Freightliner tractor trailer pulling a 51 foot semi-trailer driven by George Monington on behalf of J.B. Hunt Transport. (Def.'s Mot. for Summ. J. 3.) Monington was traveling southbound along Highway 19, and Cruise was traveling northbound. (*Id*.) Cruise's vehicle allegedly began to drift into Monington's lane while the vehicles were, by

Monington's estimate, 300 yards apart. (*Id*.) Monington believed that Cruise was turning left in front of his tractor trailer. Cruise's vehicle then crossed back over the line into the southbound lane. Cruise's vehicle crossed into the southbound lane a second time. (*Id*.) At this point, the vehicles were close enough that Moningon believed he needed to take evasive action. He therefore swerved into the northbound lane vacated by Cruise. (*Id*.) Unfortunately, Cruise's vehicle swerved back into the northbound lane where it collided nearly head-on with Monington's vehicle. (*Id*. at 3-4.)

Cruise does not remember anything that occurred either immediately prior to or just after the collision. (*Id*. at 9.) Armstrong approached Cruise's vehicle to render aid. Armstrong stated in his deposition that Plaintiff told him he "blacked out or something." (*Id*. at Ex. C, p. 9.) Cruise was prone to fainting and had lost consciousness 5-10 times in the previous year, including the occurrence of two or three such occasions while driving. (*Id*. at 4.) Moreover, Cruise had taken pain medication within the previous twenty-four hours. The packaging of some of the medications warned users to exercise caution while driving after taking the medicine. (*Id*.)

Cruise's lawsuit against Defendants is based upon allegations of negligence. Specifically, Cruise contends that Monington failed to take proper evasive measures, failed to maintain a proper lookout, failed to timely apply the brakes of his vehicle and traveled at an excessive speed. Defendants move for summary judgment on two theories. First, they argue that Cruise's driving was contrary to state statutes, making him negligent per se. Defendants also argue that there is no evidence pointing towards negligence on their part.

## II.  LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported

claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981)(citations omitted). The substantive law identifies which facts are material. *See id*. at 248.

      The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id*. at 247.  If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 323, 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).  Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).  The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

### III. DISCUSSION AND ANALYSIS

Defendants argue that Cruise violated Sections 545.051 and 545.052 of the Texas Transportation Code and that violation of such constitutes negligence per se on the part of Cruise. Defendants also argue that there is no evidence to support a finding that Monington acted with negligence. Defendants characterize their assertion of negligence per se as an affirmative defense. However, Defendants cite no authority, and the court's independent research discloses no authority, for the proposition that a plaintiff's negligence per se constitutes an affirmative defense. In light of Texas' proportionate responsibility statutes, the court is of the opinion that the issue of negligence per se raised by Defendants is better viewed as an effort to establish fault on the part of Cruise in order to reduce any liability the finder of fact may impose on Defendants. *See* Tex. Civ. Prac. & Rem. Code § 33.001, *et. seq.* (Vernon 2006). Essentially, then, Defendants ask the court to find as a matter of law that Cruise is 100 per cent at fault.

Negligence per se is a common law doctrine whereby the courts establish the duty of care owed to third parties by reference to "a penal statute rather than on the reasonably prudent person test used in pure negligence claims." *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997). In other words, when appropriate, the courts of the State of Texas will construe violation of a criminal statute as establishing that a breach of the duty of reasonable care has occurred by the same act. To prevail on a claim of negligence per se, a party must also establish that the violative conduct was the proximate cause of that party's injuries. *Ambrosio v. Carter's Shooting Ctr.*, 20 S.W.3d 262, 265 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Proximate cause is generally a question of fact, but "when the evidence is without material dispute and where only one reasonable inference may be drawn," proximate cause can be decided as a matter of law. *Id*.

at 265.

Section 545.051(a) of the Texas Transportation Code dictates the side of the road that drivers are to occupy. That section states:

> (a) An operator on a roadway of sufficient width shall drive on the right half of the roadway, unless:
> (1) the operator is passing another vehicle;
> (2) an obstruction necessitates moving the vehicle left of the center of the roadway and the operator yields the right-of-way to a vehicle that:
>   (A) is moving in the proper direction on the unobstructed portion of the roadway; and
>   (B) is an immediate hazard;
> (3) the operator is on a roadway divided into three marked lanes for traffic; or
> (4) the operator is on a roadway restricted to one-way traffic.

TEX. TRANSP. CODE § 545.051 (Vernon 2006). Section 545.052 governs the conduct of drivers as they pass one another while driving in opposite directions. It provides:

> An operator moving in the opposite direction of the movement of another operator shall:
> (1) move to or remain to the right; and
> (2) on a roadway wide enough for not more than one line of vehicle movement in each direction, give the other operator:
>   (A) at least one-half of the main traveled portion of the roadway; or
>   (B) if complying with Paragraph (A) is not possible, as much of the roadway as possible.

TEX. TRANSP. CODE § 545.052 (Vernon 2006). Because Cruise has no recollection of the accident, the undisputed evidence establishes that Cruise violated both of these statutes. However, the court finds that genuine issues of material fact exist as to the element of proximate causation and thus with respect to Cruise's negligence per se.

In order to prevail on a claim of negligence, a plaintiff must "establish a duty, a breach of

that duty, and damages proximately caused by the breach." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). The court finds that genuine issues of material fact exist with regard to negligence on the part of Monington.

## IV.  CONCLUSION

Based on the foregoing, the court is of the opinion that Defendants' Motion for Summary Judgment (de # 21) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 5th day of October, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE